## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **RAMON AREBALO, JR.,** | § | |
| **TDCJ-ID # 1175082,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | **Civil Action** |
| **v.** | § | **No. A-06-CA-217-LY** |
| | § | |
| **NATHANIEL A. QUARTERMAN,** | § | |
| **Director, Texas Dept. of Criminal** | § | |
| **Justice-Correctional Institutions Division,** | § | |
| | § | |
| **Respondent.** | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

To:  The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates.

Before the Court are Petitioner's pro se Application for Habeas Corpus under 28 U.S.C. § 2254 (Document # 1) and Respondent's Answer (Document # 8).  For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## PROCEDURAL HISTORY

Petitioner Ramon Arebalo, Jr., was convicted by a Travis County jury for the aggravated assault with a deadly weapon of Donna Wood on August 7, 2002, in *State v. Ramon Arebalo, Jr.*, No. 9034009 (Tex. 331st Jud. Dist. Ct., *jmt. entered* May 29, 2003), and was sentenced to thirty

years.  His conviction was affirmed on direct appeal.  *Arebalo v. State*, 143 S.W.2d 402 (Tex. App.–

Austin 2004, *pet. ref'd*).  Petitioner's State habeas corpus application was denied.  *Ex Parte Ramon*

*Arebalo, Jr.*, No. 62,921-1 (*denied* Nov. 9, 2005).

## DISCUSSION AND ANALYSIS

## II.

Section 2254 provides relief for state prisoners held "in custody in violation of the Constitution

or laws or treaties of the United States."  "'[F]ederal habeas corpus relief does not lie for errors of

state law.'"  *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991).

Section 2254(b) states "a writ of habeas corpus  . . .  shall not be granted unless it appears that

the applicant has exhausted the remedies available in the courts of the State."   The exhaustion

doctrine is based on comity for state court processes and the principle that state courts should be

given the first opportunity to correct alleged federal constitutional violations.  *Rose v. Lundy*,  455

U.S. 509, 518, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).   To exhaust state remedies in Texas, a

petitioner must present his claim to the Texas Court of Criminal Appeals by direct appeal or through

a post-conviction writ application.  *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).

Section 2254(d) requires this Court to defer to the state court's reasonable interpretations of

federal law and reasonable determinations of fact.  Factual determinations of a State court "shall be

presumed to be correct" and the petitioner has the burden of rebutting this presumption by "clear and

convincing evidence."  28 U.S.C. § 2254(e)(1).  Section 2254(e)(2) provides that a petitioner who

fails to develop the factual basis for a claim in state court is not entitled to a federal evidentiary

hearing unless the claim relies on a new rule of constitutional law or with due diligence could not

have been previously discovered, and but for the constitutional error no reasonable fact-finder would have found petitioner guilty of the challenged offense.

Rule 2(d) of the Rules Governing § 2254 Proceedings requires that the petition "shall set forth in summary form the facts supporting each of the grounds." Conclusory and speculative allegations are not sufficient to entitle a petitioner to a hearing or relief in a § 2254 case. *West v. Johnson*, 92 F.3d 1385, 1398-99 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997); *Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996).

## - A -

Arebalo first claims the grand jury was "unconstitutionally selected and impaneled" and the indictment signed by the foreman "did not come by action of a grand jury." These issues were raised for the first time in Arebalo's State habeas corpus application. No objection to the indictment was made prior to trial on these bases.

Arebalo's belated challenges to the grand jury and indictment are procedurally barred and without merit. Under Texas law, a defendant that fails to challenge the grand jury at the time of impanelment waives his right to challenge the grand jury's composition. *See Muniz v. State*, 573 S.W.2d 792, 796 (Tex. Crim. App. 1978), *cert. denied*, 442 U.S. 924 (1979). In *Francis v. Henderson*, 425 U.S. 536, 537, 542 (1976), the Supreme Court held a state prisoner that fails to make a timely challenge under state law to the allegedly unconstitutional composition of the grand jury that indicted him is barred from attacking the grand jury's composition in a federal habeas corpus proceeding. Furthermore, lack of a contemporaneous objection and the Texas contemporaneous objection rule procedurally bar consideration of these claims. *See Weaver v. McKaskle*, 733 F.2d 1103, 1104-06 (5th Cir. 1984). Because Arebalo offers no facts in support of

these claims, Arebalo cannot show cause and prejudice excusing the procedural default.  *See Coleman v. Quarterman*, 456 F.3d 537, 546 (5th Cir. 2006), *petition for cert. filed* (U.S. Dec. 11, 2006) (No. 6-8399).  Furthermore, because these claims are conclusory, they are without merit even if not procedurally defaulted.  *See Williams v. Smith*, 434 F.2d 592, 595 (5th Cir. 1970).

**- B -**

Arebalo next contends the evidence was not sufficient to show serious injury to the complainant and thus not sufficient to support the conviction.  This issue is spurious.

A person commits assault if they intentionally or knowingly cause bodily injury to another. TEX. PENAL CODE § 22.01(a)(1) (Westlaw 2002).  An assault is aggravated if it causes serious bodily injury or a deadly weapon is used or exhibited.  TEX. PENAL CODE § 22.02(a)(1)-(2) (Westlaw 2002). Habeas corpus relief under § 2254 on a claim of insufficient evidence is appropriate only if "after viewing the evidence in the light most favorable to the prosecution, [no] rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

The evidence shows Donna Wood met Arebalo on the evening of August 7, 2002, near a convenience store on the interstate in Austin when Arebalo offered to buy Wood a beer.  (Trial tr. II, 213-15, III, 56-58.)  After Arebalo bought Wood a beer, Wood suggested they go to her hotel room at the Rodeway Inn for sex.  (*Id*. at II, 216, III, 58.)  Wood testified that the last thing she remembers was being alone with Arebalo in the hotel room when Arebalo "just all of a sudden went ballistic" and assaulted her.  (*Id*. at II, 218-21.)  When she regained consciousness her jaw was broken and had to be wired shut for six weeks, she had severe swelling of the brain, the side of her

face was shattered, her nose was broken, and she later lost teeth.  (*Id*. at II, 222-25.)  The State's

evidence showed hands or fists may be deadly weapons.  (*Id*. at II, 120, 144.)

The State introduced a letter from Arebalo to his attorney stating:

> I want to tell [Assistant District Attorney] Holcomb that I'm willing to take full responsibility for my action for assaulting Donna Wood.  I would like him to know that I'm willing to except [sic] a class A misdemeanor assault/with bodily injury.  I don't feel that I should have been charged with aggravated assault with a deadly weapon, due to the fact that my hands are not licensed or registered as deadly weapons. . . .
>
> I Ramon Arebalo, Jr., is [sic] ordering my attorney Mr. Wilfred Aguilar to give Mr. Holcomb this brief letter, and hoping that you take this into consideration.

(*Id.* at II, 243-44 Ex. 25.)

Petitioner Arebalo testified that when they were alone in the hotel room, Wood demanded

money from Arebalo and refused to let him leave.  (*Id*. at III, 59-64.)  Arebalo admitted causing

Wood's injuries (*id*. at III, 84-85) but claimed he hit her in self-defense because she would not let

him leave and he was afraid she intended to rob him (*id*. at III, 64-66, 78).  Arebalo failed to explain

why he did not simply push Wood aside and leave the hotel room rather than beat her as he did.  (*See*

*id*. at III, 95, 112.)

The evidence is sufficient to show Arebalo inflicted serious bodily injury on Wood through the

use of a deadly weapon, *i.e.* his hands and fists, and thus is sufficient to support his conviction for

aggravated assault.  Petitioner Arebalo objects that the only evidence of Wood's injuries came from

Wood rather than a medical expert.  This is a state evidentiary issue that does not raise a federal or

constitutional issue.  *See Little v. Johnson*, 162 F.3d 855, 862 (5th Cir. 1998) ("[i]n habeas actions,

this court does not sit to review the mere admissibility of evidence under state law"), *cert. denied*,

526 U.S. 1118 (1999).  Furthermore, Petitioner Arebalo failed to establish Texas law required such expert testimony and this Court is aware of no such authority.  In any event, this objection is frivolous because Wood's injuries were corroborated by the testimony of the investigating officers and the photos of Wood.  (*See id.* at II, 118-19, 130-31, 137.)

## - C -

Arebalo argues that the trial court erred in allowing evidence of his prior convictions for aggravated assault in 1993 and possession of a deadly weapon in a penal institution in 1996, and this error denied him due process.  At trial, the court allowed the prosecution, over the defense's objection, to question Arebalo about the details of his 1993 and 1996 convictions.  (Trial tr. III, 85-91.)  On direct appeal, the Texas Court of Appeals held the fact of Arebalo's prior convictions was admissible but the trial court erred in allowing testimony concerning the details of those convictions; the Court of Appeals held, however, this error did not affect the jury's verdict and was harmless. *Arebalo v. State*, 143 S.W.3d at 407-12.

"A federal court may grant habeas relief based on an erroneous state court evidentiary ruling only if the ruling violates a specific federal constitutional right or is so egregious such that it renders the petitioner's trial fundamentally unfair." *Brown v. Dretke*, 419 F.3d 365, 376 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 1434 (2006).  A federal habeas court may not grant relief on trial errors unless the petitioner demonstrates the error "had a substantial and injurious effect or influence in determining the jury's verdict." *Brecht v. Abrahamson*, 507 U.S. 619, 637-38, 113 S. Ct. 1710, 123 L. Ed. 2d 353 (1993).  The evidence against Arebalo, including his own admissions, was sufficiently overwhelming.  There is no likelihood that the admission of evidence relating to the details of his

1993 or 1996 convictions affected the jury's verdict and no likelihood the admission of this evidence denied him due process.

### - D -

Arebalo next contends his counsel was ineffective for failing to investigate the case, failing to acquaint himself with the facts or applicable law of the case, failing to explain the elements of the offense to Arebalo, failing to interview witnesses, failing to file a motion in limine to exclude evidence relating to his prior convictions, and violating a client confidentiality by providing the prosecution with Arebalo's letter offering a plea bargain.

To establish ineffective assistance of counsel, a petitioner must show counsel's performance was deficient, *i.e.* counsel's performance was not professionally reasonable, and counsel's deficient performance prejudiced the petitioner, *i.e.* "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984).  There is a strong presumption counsel's conduct falls within the wide range of reasonable professional assistance or sound trial strategy.  *Id.* at 689.  In order to demonstrate prejudice, a petitioner must show not only that had counsel acted in a different manner a new trial would have been granted, but also that, as a result of counsel's incompetence, the trial was rendered fundamentally unfair or unreliable.  *Lockhart v. Fretwell*, 506 U.S. 364, 369-70 (1993).

The Affidavit of Arebalo's former counsel, credited by the State habeas court, establishes that counsel discussed the facts and law relevant to the case with Arebalo; counsel reviewed the indictment with Arebalo and explained what the State had to show to prove its case; counsel explained the difficulty of presenting a self-defense theory in light of the victim's injuries; counsel

attempted to contact and interview all the witnesses in the case before trial; and Arebalo never indicated he did not understand these matters. *Ex Parte Arebalo*, No. 62-921 at 77-78.  Arebalo's claim that counsel was ineffective for failing to investigate the case is conclusory and without merit. Arebalo failed to allege or show what further investigation would have produced or how this evidence would have been favorable to Arebalo's case.  Arebalo's claim his counsel was ineffective for failing to file a motion in limine to exclude evidence relating to his prior convictions is without merit; the record shows counsel filed a pre-trial  motion to suppress use of the convictions at trial (App. R. I, 127-28) and objected at trial to evidence relating to the prior convictions (*see* Trial Tr. II, 89).  Arebalo's claim his counsel was ineffective for transmitting Arebalo's letter to the assistant district attorney offering a plea bargain is without merit.  The record shows Arebalo "ordered" his attorney to transmit the letter.  (*See* Trial tr. II, 244.)

Arebalo's ineffective assistance of counsel claims are conclusory.  For each of the alleged instances of ineffective assistance of counsel, Arebalo fails to demonstrate counsel was deficient or he was prejudiced by counsel's performance, and thus Arebalo's ineffective assistance of counsel claims are without merit.  *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994).

## - E -

Arebalo next argues the prosecution failed to disclose favorable evidence including the investigating officers' reports and medical records showing the victim did not suffer serious injury. Arebalo proffers no evidence that would support such a claim.

In *Brady v. Maryland*, 373 U.S. 83, 87 (1963), the Supreme Court held "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the

prosecution."  A defendant must show the suppressed evidence was favorable to the defendant and material.  *Id.*  The suppressed evidence is material "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *U.S. v. Bagley*, 473 U.S. 667, 682 (1985).  "Evidence is not 'suppressed' if the defendant either knew, or should have known, of the essential facts permitting him to take advantage of any exculpatory evidence." *West v. Johnson*, 92 F.3d at 1399.

The record shows the State trial court ordered the prosecution to make their records available to the defense for inspection.  (Trial Tr. at III, 5-6.)  Petitioner has presented no basis for a *Brady* claim.  Arebalo failed to show he was denied access to the State's evidence or that such evidence was material, *i.e.* there was a reasonable probability such evidence would have changed the result of the proceeding.  The State habeas court rejected this claim as speculative, *see Ex Parte Arebalo*, No. 62,921-1 at 81, and Arebalo presented no evidence to the contrary to the State court or this Court. Arebalo's *Brady* claim is conclusory and not sufficient to warrant a hearing.  *See Little v. Johnson*, 162 F.3d at 862.

## - F -

Section 2254(d) requires this Court to defer to the state court's reasonable interpretations of federal law and reasonable determinations of fact.  Factual determinations of a state court are "presumed to be correct" and the Petitioner has the burden of rebutting this presumption by "clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  The State court's denial of Arebalo's claims is reasonably supported by the record and is consistent with federal law as required by § 2254(d), *see Ex Parte Arebalo*, No. 62,921-1 at 81-83, and therefore this Court is compelled to reach the same conclusion.  Furthermore, in light of the overwhelming evidence against Arebalo, including his own

admissions, any trial or counsel errors were harmless beyond a reasonable doubt. *See Brecht v. Abrahamson*, 507 U.S. at 637-38. Arebalo's Petition is without legal or factual merit and must be denied.

Furthermore, a habeas corpus petitioner is not entitled to relief or a hearing on his claims where he failed to allege a basis for relief, he offers "conclusory allegations unsupported by specifics, contentions that in the face of the record are wholly incredible," *Perillo v. Johnson,* 79 F.3d at 444, or allegations that can be resolved on the record, *Lawrence v. Lensing,* 42 F.3d 255, 258-59 (5th Cir. 1994). Arebalo is not entitled to habeas relief or a hearing on his Petition because his claims are either conclusory, without legal merit, or are refuted by the record. Because Arebalo failed to present a factual basis for these claims in state court, § 2254(e)(2) now bars him from doing so in this Court.

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be **DENIED**.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n*, 834 F. 2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the

-10-

district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Assoc.*, 79 F. 3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 17th day of January, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE